[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14865

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WAYNE BURCKS,
a.k.a. Wayne Burkes,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:15-cr-60330-WPD-1

_____

Before Rosenbaum, Anderson, and Julie Carnes, Circuit Judges.

PER CURIAM:

Defendant Wayne Burcks, an inmate at FCI Jesup who is serving a 180-month sentence arising from his Hobbs Act robbery conviction in 2016, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We find no error in the district court's order denying Defendant's motion, and thus affirm.

## BACKGROUND

Defendant was indicted in 2015 for committing a robbery by means of actual and threatened force (Hobbs Act robbery), in violation of 18 U.S.C. § 1951(a). He pled guilty pursuant to a plea agreement and was convicted of the Hobbs Act robbery charge in 2016.

Based on the factual proffer supporting Defendant's guilty plea, the robbery occurred on May 31, 2015. On that date, four individuals wearing masks and gloves entered a Mayors jewelry story in the Fort Lauderdale Galleria Mall and began smashing the display counters with large hammers and removing high-end watches. Two customers and three employees who were in the store at the time ran in fear to take shelter in offices and underneath furniture.

The four masked individuals eventually left the store with 48 watches, including 25 Rolexes and 5 Tag Heuers, whose total

retail value exceeded $250,000.  They exited the mall and entered a Hyundai Elantra that was waiting by the exit doors in the mall parking garage with its passenger doors open.  A witness followed the Hyundai from the parking garage, maintaining sight of the vehicle until police arrived.  Shortly thereafter, five individuals were seen exiting the Hyundai and entering an Infiniti QX56 parked just off the highway.  As they changed cars, the group dropped a bag containing several watches, gloves, a ski cap, and a hammer, all of which were collected as evidence.

A high-speed chase ensued, during which multiple police and civilian vehicles were damaged.  The Infiniti eventually crashed into a fence, at which time all the vehicle's occupants fled on foot.  Two of the occupants, Malcolm Williams and Zavier McGee, were apprehended, and several pieces of clothing were obtained from inside the Infiniti and along the flight paths of the fleeing individuals.  Williams and McGee identified Defendant as being involved in the planning of the Mayors robbery and as the getaway driver of the Hyundai and the Infiniti.  DNA testing on the items recovered from the Infiniti indicated that Defendant was the major contributor of DNA located on a bandana recovered from the driver's seat as well as DNA found on gloves recovered near the scene where the Infiniti crashed.

A PSR was prepared following Defendant's guilty plea.  The PSR assigned Defendant a base offense level of 20, and applied a four-level enhancement under USSG § 2B3.1(b)(2)(D) because a dangerous weapon was used to commit the robbery and a two-

level enhancement under § 2B3.1(b)(7)(C) because the loss exceeded $95,000. In addition, Defendant was determined to be a career offender pursuant to USSG § 4B1.1(a) based on his prior convictions for Hobbs Act conspiracy, assaulting a federal corrections officer, and burglary of an occupied dwelling. The career offender designation increased Defendant's offense level to 32. After applying a three-level reduction for acceptance of responsibility, Defendant's total offense level was calculated to be 29, which with Defendant's criminal history category of VI yielded a recommended guidelines range of 151 to 188 months in prison.

Defendant objected to his classification as a career offender, arguing that neither Hobbs Act conspiracy nor assault on a federal corrections officer was a crime of violence. The district court sustained the objection. The court also sustained Defendant's objection to the dangerous weapon enhancement applied in the PSR. Without the career offender and dangerous weapon enhancements, the court determined that Defendant's offense level was 22 and his criminal history category VI, resulting in a recommended Guidelines range of 84 to 105 months.

Nevertheless, the court granted the Government's request for an upward variance and imposed a sentence of 180 months based on Defendant's extensive criminal history. In support of the upward variance, the court noted that Defendant had 23 prior felony convictions for crimes similar to the Hobbs Act robbery that led to his conviction in this case, including prior "smash and grab" crimes that ended in high-speed chases, and that Defendant had

spent most of his adult life in a near constant cycle of crime sprees interrupted only by prison sentences. For example, the court noted that Defendant had been sentenced to 114 months on a Hobbs Act robbery charge in 2005, during which sentence Defendant had assaulted a federal corrections officer, and that just four months after his release from that sentence in 2014, Defendant was arrested for stealing over $500 from a local Wal-Mart. Given Defendant's history, and applying the § 3553(a) factors, the court concluded that an upward variance to 180 months was required to act as a deterrent and to promote respect for the law. This Court affirmed Defendant's sentence on appeal, holding that the district court had committed no procedural error and that the sentence was substantively reasonable and below the statutory maximum of 20 years for Defendant's offense in this case.

Defendant filed a timely motion under 28 U.S.C. § 2255 to vacate his sentence, arguing that his guilty plea was based on the promise of a shorter sentence, that the Government had breached the plea agreement, and that defense counsel was ineffective for failing to raise the issue. The district court denied Defendant's § 2255 motion, concluding that Defendant's plea was voluntary and that he had not been promised a lower sentence than he received. The district court, and subsequently this Court, declined to issue a certificate of appealability ("COA"). Thereafter, Defendant filed a Rule 60(b)(6) motion, again challenging the legality of the upward variance and asserting other procedural errors in his conviction and sentence. The district court dismissed that motion,

concluding that it was in substance an unauthorized successive motion to vacate Defendant's sentence, for which Defendant must obtain permission from this Court to file. Defendant has filed various other motions during his imprisonment, all of which likewise have been denied.

In December 2020, Defendant filed a *pro se* motion for compassionate release from prison pursuant to 18 U.S.C. § 3582(c)(1)(A), which authorizes a district court to reduce a defendant's sentence if the reduction is warranted by "extraordinary and compelling reasons" and if the defendant's release is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) and the applicable Guidelines policy statements. *See* 18 U.S.C. § 3582(c)(1)(A)(i).[1] In support of his motion, Defendant stated that he is on medication for high cholesterol and an enlarged prostate, that he has a history of asthma and bronchitis, and that he tested positive for COVID-19 in July 2020, with lingering symptoms such as chest pains, shortness of breath, and high blood pressure. Defendant advised the district court that there was another outbreak of COVID at FCI Jesup in November 2020, and that he did not believe he would survive a second wave of the disease. As a separate issue, Defendant noted in his motion that he had been convicted of Hobbs Act robbery, which since the time he was sentenced had

---

[1] A sentence reduction is also permitted by § 3582(c) under certain circumstances if the defendant is 70 years old or older and has served at least 30 years in prison, but those conditions are not met in this case. *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

been determined by the Eleventh Circuit not to be a crime of violence.  In support of his motion, Defendant enclosed letters of community support, a positive COVID test from July 2020, and various medical records.  The records documented one incident of bronchitis in August 2020, an enlarged prostate, and prescriptions for a cholesterol medication, aspirin, and prednisone.

The district court denied Defendant's § 3582(c) motion.  The court noted that, at the time of his motion, Defendant was 44 years old and he had only served about one-third of his 180-month sentence.  The court determined that Defendant had not shown that any of his health complaints constituted "extraordinary and compelling" reasons for relief.  In addition, the court concluded that the COVID-19 conditions at FCI Jesup did not warrant relief as a general matter or even when considering the specific facts proffered by Defendant.  The court determined in the alternative that the § 3553(a) factors did not support Defendant's release, because a reduced sentence in Defendant's case "would not promote respect for the law or act as a deterrent" given Defendant's extensive criminal history.  The court declined to consider Defendant's sentencing argument based on the status of Hobbs Act robbery as a crime of violence, stating that such extraneous issues are not relevant to a ruling on compassionate release under § 3582(c).

Defendant subsequently sent a letter in which he advised the district court that FCI Jesup was on lockdown after 80 out of 116 inmates in his dormitory tested positive for COVID-19, including Defendant's roommate.  Defendant acknowledged that he had

tested negative, but he argued that the conditions at FCI Jesup were not stable.

Defendant now appeals the district court's denial of his motion for compassionate release, arguing that the court erred by failing to recognize that his health conditions—asthma, bronchitis, hypertension, and lingering symptoms from a previous bout of COVID-19—put him at higher risk for COVID complications and thus justify his release under § 3582(c), reiterating that FCI Jesup was (at the time Defendant filed his appellate brief in early 2021) experiencing its third outbreak of COVID, and repeating his argument that an intervening change in the law regarding the status of Hobbs Act robbery as a crime of violence warranted his release. Defendant does not expressly address in his brief the district court's alternative ground for denying his motion for compassionate release based on its consideration of the relevant § 3553(a) factors, beyond his proffer of argument and letters of community support suggesting that Defendant has been rehabilitated and is "willing[] to change." As discussed below, we find no error in the district court's order denying Defendant's motion for compassionate release, and thus affirm.

## DISCUSSION

We review de novo whether a defendant is eligible for a sentence reduction under § 3582(c). *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). Once eligibility is established, we review the denial of a defendant's § 3582(c) motion under the abuse of discretion standard. *See id.* "A district court abuses its discretion

if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019) (quotation marks omitted)). The abuse of discretion standard allows the district court a "range of choice" that we will not reverse "just because we might have come to a different conclusion had it been our call to make." *See id.* at 912 (quotation marks omitted).

As amended by the First Step Act, § 3582(c) authorizes the district court to reduce a defendant's sentence if the court finds that: (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is consistent with the sentencing factors of § 3553(a) and the "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The applicable policy statement, found in USSG § 1B1.13, echoes the statutory requirements, stating that a district court may reduce a defendant's sentence "if, after considering the factors set forth in . . . § 3553(a)," the court determines that: (1) "[e]xtraordinary and compelling reasons warrant the reduction" and (2) "[t]the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. *See also United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (holding that "1B1.13 is an applicable policy statement for all [§ 3582(c)(1)(A)] motions" and that district courts do not have discretion "to develop other reasons that might justify a reduction in

a defendant's sentence" (quotation marks omitted)); *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (listing three necessary conditions for a sentence reduction under § 3582(c): support in the § 35553(a) factors, extraordinary and compelling reasons, and adherence to U.S.S.G. § 1B1.13's policy statement).

The district court denied Defendant's § 3582(c) motion for two reasons. First, the court found that Defendant had failed to show extraordinary and compelling reasons for his release. Alternatively, the court determined that the § 3553(a) sentencing factors militated against Defendant's release. Either ground is adequate to support the district court's decision to deny Defendant's § 3582(c) motion.

As to the first ground, we agree with the district court that Defendant did not provide adequate support for his claim that he has medical conditions that satisfy the extraordinary and compelling reason standard and thus justify his release from prison. The relevant policy statement provides that a defendant's medical condition is an extraordinary and compelling reason for a sentence reduction if the defendant: (1) has a terminal illness such as cancer, ALS, or end-stage organ disease or (2) suffers from a serious physical or mental condition that "substantially diminishes" his ability "to provide self-care" in prison and from which he is not expected to recover. U.S.S.G. § 1B1.13 cmt. n.1(A). Defendant has made no showing of either.

In addition, Defendant fails to explain how any of his claimed conditions increase his risk of severe disease from COVID-

19 or otherwise constitute an extraordinary and compelling reason for his release from prison.  At 44, Defendant is below the age identified by the CDC to trigger an increased risk from COVID-19.  Defendant's medical records indicate that he has contracted and recovered from COVID-19, and that he is now vaccinated against the virus, having received his first dose of the Moderna vaccine on March 25, 2021 and his second dose on April 21, 2021.  Accordingly, we discern no error in the district court's conclusion that the COVID-19 pandemic does not, by itself, require Defendant's release pursuant to § 3582(c)(1).  *See Giron*, 15 F.4th at 1346 (affirming the district court's holding that the defendant's high cholesterol, high blood pressure, and coronary artery disease were not extraordinary and compelling reasons for early release where all those conditions were "manageable in prison, despite the existence of the COVID-19 pandemic"); *Harris*, 989 F.3d at 912 (upholding the district court's denial of compassionate release to an inmate with hypertension, despite the possible increased risk from COVID-19).

The Government concedes that, in certain circumstances, an inmate not expected to recover from a condition identified by the CDC as increasing the risk of severe disease from COVID-19 might satisfy the extraordinary and compelling- reason standard, even if the condition would not support compassionate release in ordinary times.  And in a supplemental filing, the Government advises the Court that it has revised its position to include in this category conditions that the CDC had previously indicated "might"

entail a greater risk of severe illness from COVID—as opposed to those conditions identified by the CDC as definitively entailing such a risk—such as asthma and hypertension, but only if the inmate has not been offered the COVID vaccine or has not already been infected with the virus. Although Defendant's medical records arguably support his claim to have hypertension, the records also show that Defendant has not only had and recovered from COVID, but he is also fully vaccinated against the COVID-19 virus.[2] Thus, notwithstanding the Government's expanded position as to what condition can potentially give rise to an extraordinary and compelling reason for compassionate release during the COVID-19 pandemic, we find no error in—nor any reason to revisit—the district court's determination that Defendant's medical conditions do not satisfy the standard.

Defendant's failure to demonstrate an extraordinary and compelling reason is alone enough to foreclose a sentence reduction under § 3582(c). *See Giron*, 15 F.4th at 1347 ("When denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and

---

[2] Defendant's medical records do not support his claim to have asthma and they show only one documented incident of bronchitis. Other conditions claimed by Defendant, such as his enlarged prostate, are not included in the Government's revised position as to the medical conditions that can constitute an extraordinary and compelling reason for early reason because of the COVID pandemic. Furthermore, Defendant's records indicate that Defendant is being treated for all his documented conditions, including his enlarged prostate.

compelling reason exists or that the defendant is a danger to the public."). But the district court also held, in the alternative, that Defendant's release was not consistent with the § 3553(a) factors because of Defendant's extensive criminal history. *See United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) (noting that "discretion in weighing sentencing factors is particularly pronounced when it comes to weighing criminal history"). To that end, the district court noted that Defendant "is 44 years old and has served about one-third" of his 180-month sentence on a Hobbs Act robbery conviction that followed 23 prior felony convictions by Defendant. Under the circumstances, the court concluded, "a reduced sentence would not promote respect for the law[] or act as a deterrent"—two § 3553(a) factors that weighed heavily in the court's initial sentencing decision as to Defendant as well as in the court's alternative ruling denying Defendant's § 3582(c) motion. We find no abuse of discretion in the court's application of the § 3553(a) factors as an alternative ground to deny Defendant's motion for compassionate release in this case.

Finally, that Hobbs Act robbery is no longer designated a crime of violence does not warrant Defendant's early release under § 3582(c). As discussed above, the district court agreed with Defendant's argument, raised at sentencing, that Hobbs Act robbery did not qualify as a crime of violence, and thus sustained Defendant's objection to his career offender designation. Nevertheless, the court applied an upward variance and sentenced Defendant to 180 months because of his extensive criminal history. This Court

upheld the sentence on appeal, and the district court and this Court have now several times rejected variations of Defendant's argument that he was improperly sentenced for the Hobbs Act robbery in this case. Reconsideration of the argument yet again on Defendant's motion for compassionate release is not warranted. *See United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) ("This Circuit has been very clear in holding that a sentencing adjustment undertaken pursuant to [§ 3582(c)] does not constitute a de novo resentencing.").

In short, the district court did not abuse its discretion when it concluded that Defendant had failed to show an extraordinary and compelling reason to support his § 3582(c) motion for compassionate release. Likewise, the court acted within its discretion when it determined, in the alternative, that the § 3553(a) sentencing factors do not support Defendant's early release from prison. For both reasons, the district court's order denying Defendant's § 3582(c) motion is **AFFIRMED.**